CHARLES RAUSENDORF, Respondent, v. AUGUST F. POLLMAN, Appellant.

St. Louis Court of Appeals. Submitted on Briefs November 15, 1910. Opinion Filed November 29, 1910.

BILLS AND NOTES: Failure of Consideration: Sufficiency of Evidence. Evidence, in an action upon a non-negotiable note, defended on the ground of want of consideration, *held* sufficient to sustain a judgment for the plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Taylor R. Young* for appellant.

*William Hilkerbaumer* for respondent.

REYLOLDS, P. J.—This is an action on a non-negotiable note for $650, payable on demand to the order of plaintiff, signed by the defendant, the note to draw interest from date at the rate of six per cent per annum. It appears that plaintiff, as contractor, had furnished material or done labor for the erection of a building by a company for which he had a right to assert a mechanic's lien. Work on the building had been stopped, apparently for lack of means by the owners to complete

Rausendorf v. Pollman.

it and it and the land upon which it was situated were advertised for sale under a deed of trust given by the owners. The defendant was anxious to buy the property in at the sale under the deed of trust and if he succeeded in doing so, contemplated the completion of the building. In order to enable defendant "to increase his bid in the purchase of the property," at this sale under the deed of trust, he took an assignment of the plaintiff's claim against the property and executed this note, on the agreement that it was not to be paid by defendant unless he purchased the property at the foreclosure sale and if he did he was to resume work upon the building and to pay the note when the construction of the building could be gotten under way. The sale took place under the deed of trust and the property, it is charged, was bought in by defendant. These facts appear in the petition, which avers demand and refusal to pay the note. Defendant answered, admitting the execution of the contract and of the note; denied all other averments; averred that the note was without any consideration; that he had received nothing of value from plaintiff or any other person in his behalf at any time as consideration for the note; averred that the note was upon condition of the purchase by defendant at auction of certain real estate and upon the commencement by defendant of the completion of the buildings then in process of construction; avers that he did not purchase the real estate; did not commence the completion of the building; that neither of the conditions have or will be performed or had happened, by reason of which, as he avers, the title to the claim on account of plaintiff against the original owners of the building never vested in defendant and that the consideration of the nonnegotiable promissory note has wholly failed, and denies indebtedness.

The trial was before the court, a jury having been waived. No declarations of law were given, no objections or exceptions to any testimony in the case appear.

There was evidence tending to show that the defendant was the real purchaser of the property, Pollman & Bro. Coal & Sprinkling Co. holding title to it for him until he could pay them for it; that defendant, his wife and son, under the corporate name of the Troy Realty & Construction Co., defendant owning a controlling interest in that company, are now the owners of the property, the Pollman Company passing title by mesne conveyance to defendant, and he conveying to the Troy Realty & Construction Company, and that company was completing the construction of the building. It further appears that on June 11, 1908, demand was made in writing by plaintiff on defendant for the payment of the note, interest being claimed at that time in the amount of $22.75. Acknowledging the receipt of the demand for payment of the note, the attorney for the defendant wrote on the letter which contained the demand, the following: "We disagree with you and until the time comes when the building is completed or we can effect a sale we will not pay the note." The contract set out and in evidence, it may be remarked, did not require that the building should be completed, or a sale of it effected by defendant, before the note became payable.

At the conclusion of the trial, the court rendered judgment for the amount of the note and interest. Motion for new trial was duly filed, overruled, exceptions saved and the case brought here by defendant on appeal.

There is nothing whatever in this record to justify a reversal. Whether the purchase at the foreclosure sale was for the benefit of plaintiff, was a question of fact. Defendant practically admitted, in answer to a question of the court, that after the purchase by the Pollman Company, that company held the title for him until he could pay them what they had paid for it, which he, his wife and son ultimately did, under the name of the Troy Realty & Construction Co., and there was no con-

tention over the fact that work on the building had been resumed and that it was practically completed.

The judgment affirmed. *Nortoni, J.,* and *Caulfield, J.,* concur.